IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN PIPA AQUISE,                          )
                                           )
        Petitioner,                     )
                                           )
    v.                                     )
                                           )      1:26-cv-00188 (RDA/WEF)
UNIDENTIFIED,                              )
                                           )
        Respondent.                     )

## ORDER

On January 20, 2026, Alicia Soledad Perex Quispe filed a Petition for Writ of Habeas Corpus ("Petition") on behalf of her husband, Petitioner John Pipa Aquise, pursuant to 28 U.S.C. § 2241 alleging that he has been unlawfully detained at the Farmville Detention Center. Ms. Quispe does not appear to be an attorney yet appears to be filing this Petition on behalf of her husband. Furthermore, Ms. Quispe has not identified a Respondent. It is black letter law that, although an individual may represent herself pro se, she may not represent someone else – even a spouse. *See Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (noting that although an individual has the right to represent himself/herself by statute— 28 U.S.C. § 1654—that right does not "create a coordinate right to litigate for others"); *Wright v. Wells Fargo Bank NA*, 2022 WL 17668147, at *1 (D.S.C. Feb. 1, 2022), *report and recommendation adopted,* 2022 WL 715176 (D.S.C. Mar. 10, 2022) ("As an initial matter, the plaintiff may not represent his wife in this action . . . ."). Courts in other Circuits have likewise recognized this principle in the particular circumstances of immigration and/or habeas proceedings. *See Ibrahim v. Dep't of State USCIS*, 2018 WL 4698871, at *1 (E.D. Pa. Sept. 28, 2018) ("As a non-attorney proceeding pro se, Mr. Ibrahim may not represent his wife or raise claims on her behalf."); *Kassies v. Child & Fam. Servs. of San Bernardino*, 2025 WL 934442, at *3 (C.D. Cal. Mar. 27, 2025) ("The Petition names Kassies and her husband as Petitioners, but a *pro se* litigant can represent only herself in federal court."). Essentially, Ms. Quispe lacks standing to represent her husband and therefore this Court lacks subject matter jurisdiction over the claims asserted in the Petition. *See, e.g., Kutt v. Intel Corp.*, 2013 WL 12647687, at *2 (E.D. Va. Feb. 20, 2013) ("It is well

settled that a pro se litigant may not represent a corporation and that "pro se actions by non-attorneys on behalf of corporations 'fail for lack of standing.'"); *Allen v. Zink*, 2021 WL 1196760, at *1 (E.D. Tex. Feb. 12, 2021), *report and recommendation adopted*, 2021 WL 1174944 (E.D. Tex. Mar. 26, 2021) (holding that "the case should be dismissed for a lack of subject matter jurisdiction because Allen lacks standing to represent the corporation *pro se*"); *SFirst Hartford Corp. Pension Plan & Trust v. U.S.*, 194 F.3d 1279, 1290 (Fed.Cir.1999) (*pro se* actions by non-attorneys on behalf of corporations "fail for lack of standing"). Because Ms. Quispe cannot represent her husband and because her husband did not file his own Petition, the Petition here will be dismissed for lack of subject matter jurisdiction and without prejudice to Mr. Aquise filing his own petition.

Accordingly, it is hereby ORDERED that the Petition (Dkt. 1) is DISMISSED without prejudice; and it is

FURTHER ORDERED that the Motion for Immediate Release (Dkt. 2) and Motion to Expedite (Dkt. 3) are DENIED as Moot.

To appeal this decision, Ms. Quispe must file a written notice of appeal with the Clerk of Court within 60 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that she wants to appeal. She need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to forward a copy of this Order to counsel of record and to Dennis Barghaan, Chief of the Civil Division of the U.S. Attorney's Office for the Eastern District of Virginia.

Entered this 21st day of January, 2026.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

2